SMITH, Justice
(concurring specially).
I write separately to express my basis for joining the main opinion. As I understand it, the main opinion rests on the *592 conclusion that the “‘only effect [of the declaratory-judgment action filed by Macon County Greyhound Park, Inc., d/b/a VictoryLand (hereinafter “VictoryLand”),] would be to decide matters which properly should be decided in a criminal action.’” 43 So.3d at 589 (quoting 22A Am.Jur.2d Declaratory Judgments § 57 (2003) (emphasis added)). That conclusion, in turn, rests on the conclusion that VietoryLand’s declaratory-judgment action is solely an attempt to use a civil proceeding to interfere with a criminal investigation.
I do not read the main opinion as holding that the trial court would be without subject-matter jurisdiction to entertain an action, such as the action filed in State ex rel. Tyson v. Ted’s Game Enterprises, 893 So.2d 355 (Ala.Civ.App.2002), aff'd, Ex parte Ted’s Game Enterprises, 893 So.2d 376 (Ala.2004), in which it cannot be said that the action is solely an attempt to use a civil proceeding to interfere with a criminal investigation.